**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

CRAIG MORRIS,                              CASE NO. 2:06-cv-324
                                           JUDGE SARGUS
      Petitioner,                      MAGISTRATE JUDGE KING

v.

JEFFREY WOLFE, Warden,

      Respondent.

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant

to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of

writ, petitioner's opposition, and the exhibits of the parties.   For the reasons that follow, the

Magistrate Judge **RECOMMENDS** that claim one be **DISMISSED** but that an evidentiary hearing

be held on claims three and four.   It is also **RECOMMENDED** that consideration of the merits of

claim two be deferred and that petitioner's January 9, 2006, petition for a writ of mandamus, in

which he requests a ruling on the habeas corpus petition, Doc. No. 9, be **DENIED**, as moot.

**I.  PROCEDURAL HISTORY**

Petitioner was indicted by the January 10, 2003, term of the Franklin County grand jury on

five counts of felonious assault, in violation of O.R.C. 2903.11, with specifications.  Exhibit A to

Return of Writ.  While represented by counsel, petitioner proceeded to jury trial.  On April 1, 2004,

petitioner was found guilty of four counts of felonious assault, with specifications.  On May 20,

2004, he was sentenced to an aggregate term of eleven years incarceration.  Exhibit B to Return of

Writ.   Petitioner never filed a timely appeal.  On May 20, 2004, still represented by counsel,

petitioner filed a motion for a mistrial in which he alleged that one of the jurors had offered to return

a verdict of "not guilty" in exchange for money.  Exhibit C to Return of Writ.  On August 24, 2004, the trial court denied petitioner's motion.  Exhibit F to Return of Writ.  Petitioner never filed an appeal from that decision.  On November 3, 2004, petitioner filed a *pro se* petition for post conviction relief with the state trial court.  He asserted the following claims:

>  1.  Trial court is in violation of the Constitution which demands fair trial.
>
>  2.  Petitioner suffers from prosecutor misconduct and ineffective assistance of [counsel] and miscarriage of justice.

Exhibit G to Return of Writ.  Petitioner's post conviction petition apparently remains pending in the state trial court.[1]  On March 1, 2006, petitioner filed a motion "to appeal consecutive and non-minimum sentences" with the state trial court, in which he also claimed that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).  Exhibit N to Return of Writ.  That action also is apparently still pending in the state trial court.  On October 5, 2005, petitioner filed a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A).  Exhibit I to Return of Writ.  On December 6, 2005, the state appellate court denied petitioner's motion for delayed appeal as follows:

---

[1]  Petitioner attempted to obtain a ruling from the trial court on his post conviction petition by filing a petition for a writ of mandamus with the state appellate court; however, the petition for a writ of mandamus was dismissed for failure to comply with O.R.C. §2969.25(A) "which requires an inmate to file an affidavit listing each civil action or appeal that an inmate has filed in the past five years when an inmate commences a civil action or appeal of a civil action against a governmental entity or employee,"and O.R.C. §2969.25(C) "which requires an inmate who files a civil action or appeal against a governmental entity or employee and who seeks waiver of the prepayment of a court's full filing fees to file an affidavit of indigence that contains: (1) a statement of an inmate's account for the preceding six months as certified by the institutional cashier, and (2) a statement setting forth all other cash and things of value that are owned by the inmate."  *Morris v. Franklin County Court of Common Pleas*, 2005 WL 3160845 (Ohio App. 10 Dist. November 29, 2005); *see Exhibits* to petitioner's *Opposition to Return of Writ*.

> In his affidavit, appellant states: "My trial attorney failed to file my appeal after my 'jury trial' so I filed a habeas corpus and the magistrate in [an] entry told me to file a delayed appeal so [as] to exhaust my remed[ies]." In response, appellee presented a copy of appellant's post-conviction petition, which he filed in the trial court in November 2004. In that petition, appellant states that he did not appeal the April 1, 2004 conviction. Thus, appellant has known for at least a full year that no appeal was filed. As the Supreme Court of Ohio has noted, "[l]ack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief." *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784 (affirming denial of application to re-open appeal). Appellant filed the instant motion 17 months after the trial court's entry and at least 11 months after becoming aware that no appeal had been filed. However, during that same time period, he apparently had sufficient legal knowledge to file a *pro se* post-conviction petition in the trial court and a *pro se* habeas corpus action in federal court. Appellant offers no explanation to justify his delay in attempting to file an appeal in this court. The substantial lag in filing his motion for leave to file a delayed appeal, without justifiable explanation, is unreasonable.

*State v. Morris*, 2005 WL 3304952 (Ohio App. 10 Dist. December 6, 2005), Exhibit K to Return of Writ.  Petitioner filed a timely appeal with the Ohio Supreme Court.  He raised the following proposition of law:

> I have been constitutionally deprived a fair jury trial, an appeal of right, a ruling on a post conviction [petition] which was timely filed, and multiply sentenced [sic].

Exhibit L to Return of Writ.  On April 12, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Exhibit M to Return of Writ.  On March 1, 2006, petitioner again filed a motion for delayed appeal in the state appellate court.  On May 11, 2006, the appellate court denied his motion as barred under the doctrine of *res judicata.*  Exhibit P to Return of Writ.

On May 2, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.[2]  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  State has/is depriving my right to access the courts and redress my injury.
>
> A timely post conviction [petition] was filed on November 3, 2004, and pursuant to rule, the response/decision must be within 180 days. However, it [has] been almost 2 years and the courts refuse to respond even after numerous motions for State's [sic] and a writ of mandamus to compel a decision, which deprives my constitution rights and provision protection [sic].
>
> 2.  State had deprived me my right to an impartial jury and fair trial.
>
> Prosecution and trial court failed and ignored to submit [sic] the evidence that one of the jurors offered a bribe for a hung jury, and after the evidence was obtained to prove such, trial court ignored a motion for mistrial which enclosed the evidence to prove such, which then rendered altered verdict [sic].
>
> 3.  Denial of effective counsel.
>
> [Trial counsel failed] to argue maximum sentence and appeal the denial of the motion for mistrial and argue further to the fact of an altered jury verdict.
>
> 4.  Denial of right to appeal.
>
> I was deprived my right of appeal after the jury verdict.  My counsel

---

[2]  Petitioner first filed a federal habeas corpus petition on September 29, 2005; however, on November 14, 2005, that action was dismissed without prejudice as unexhausted.  *Morris v. Warden*, Case No. 2:05-cv-903 (S.D. Ohio, November 14, 2005); *Exhibits* to Petition.

failed to file an appeal which deprived me of rights secured.

It is the position of the respondent that petitioner's claims are unexhausted and without merit.

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour,* 594 F.2d 581, 584 (6th Cir.1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Respondent contends that the instant habeas corpus petition must be dismissed as unexhausted because petitioner's allegation in claim three, *i.e*., that he was denied the effective assistance of counsel due to his attorney's failure to object to his sentence as violative of *Blakely*, remains unexhausted; respondent specifically points to the fact that petitioner raised this claim in his March 1, 2006, motion "to appeal consecutive and non-minimum sentences," which remains pending in the state trial court. This Court disagrees with respondent's exhaustion argument. The

record does not reflect that petitioner raised precisely the same claim in his March 1, 2006, motion as is presented in this action. Instead, petitioner asserted in his March 1, 2006, motion that his sentence violated *Blakely;* he did not raise a claim of ineffective assistance of counsel by reason of his attorney's failure to raise a *Blakely* issue. Construing petitioner's *pro se* §2254 petition liberally -- as this Court is required to do, *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985)(citations omitted) -- petitioner does not appear to assert in this federal habeas corpus petition a claim that his sentence violated *Blakely*. Rather, he alleges only that he was denied the effective assistance of counsel due to his attorney's failure to raise a *Blakely* issue. *See Erwin v. Edwards,* 22 Fed.Appx. 579, 2001 WL 1556573 (6th Cir. 2001)("Liberal construction does not require a court to conjure allegations on a litigant's behalf"), citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). Thus, it cannot be said that claim three is unexhausted because it remains pending in the state court.

However, claim two, in which petitioner asserts that he was denied an impartial jury and a fair trial due to juror misconduct, remains unexhausted. Although respondent did not raise this issue of exhaustion, the exhaustion defense is not waived "unless the State, through counsel, expressly waives the exhaustion requirement." *Whiting v. Burt*, 395 F.3d 602, 610 (6th Cir. 2005), citing *Benoit v. Bock*, 237 F.Supp.2d 804, 806 (E.D.Mich.2003); 28 U.S.C. § 2254(b)(3). Petitioner raised the same allegation presented in claim two in his November 3, 2004, petition for post conviction relief, which action remains pending in the state trial court. However, inordinate delay in adjudication of claims by the state courts can render exhaustion of state court remedies futile. In *Turner v. Bagley,* 401 F.3d 718, 724-25 (6th Cir.2005), the United States Court of Appeals for the Sixth Circuit excused the exhaustion requirement where the defendant waited eleven years for a decision on his appeal:

[A] *habeas* court should excuse exhaustion where further action in state court "would be an exercise in futility." *Lucas v. People of the State of Michigan,* 420 F.2d 259, 262 (6th Cir.1970) (holding that "such a judicial runaround is not mandated" by the exhaustion requirement)····

The exhaustion requirement is based on principles of comity and federalism. It provides state courts an opportunity to address alleged flaws in their criminal procedures. The requirement is based on the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights. *Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir.1992) ("[T]he principle that federal courts should defer to state courts in the interest of comity assumes that the state courts will give prompt consideration to claims of violation of constitutional rights.").

*Id.,* at 724. Where the state courts fail to give prompt consideration to a criminal defendant's claims, the presumption of adequate and effective remedies at the state level is defeated. *Id .; see also Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir.1992)(exhaustion requirement excused where "petition for post-conviction relief ··· languished in state court for more than three years."); *Carpenter v. Young,* 50 F.3d 869, 870 (10 Cir.1995)(more than two year delay in adjudication of appeal excused exhaustion requirement "unless the state can establish that the delay in adjudicating petitioner's appeal is justified." *Id.,* citing *Harris v. Champion,* 15 F.3d 1538, 1556 (10th Cir .1994).

In *Harris v. Champion,* 938 F.2d 1062, 1066 (10th Cir.1991), the Court of Appeals for the Tenth Circuit held that the failure of the Oklahoma public defender to pursue the petitioner's state court appeal excused the petitioner from satisfying the exhaustion requirement of 28 U.S.C. § 2254 where such failure resulted in a projected four-year delay in the petitioner's case.

*Turner v. Bagley, supra*, 401 F.3d at 724-25.

Here, petitioner's November 2004, post conviction action has been pending in the state trial court for more than two years. Further, it does not appear that the issues presented in petitioner's post conviction petition are so complex as to require an undue amount of time for resolution of his claims. No requests for discovery or other motions have apparently been filed, and it does not

7

appear that an evidentiary hearing has been scheduled. Respondent has offered no justification for the state court's failure to render a decision – or indeed take any action whatsoever – on petitioner's post conviction petition. Moreover, it does not appear that a ruling by the state trial court is forthcoming. Under these circumstances, the Court concludes that dismissal of this action or stay of proceedings pending a decision from the state trial court on petitioner's petition for post conviction relief would not be appropriate. *See Rhines v. Weber*, 544 U.S. 269 (2005). In any event, respondent does not argue that the petition should be dismissed on the basis of failure to exhaust this claim**.** The Court will therefore not recommend dismissal of claim two on the basis of exhaustion. However, because, for the reasons stated *infra*, the Court concludes that an evidentiary hearing is warranted as to claims three and four, the Court also recommends that consideration of the merits of claim two be deferred during the pendency of further proceedings in this action. This Court would welcome the state courts' consideration of the merits of this claim, should they choose to do so.

## II.  CLAIM ONE

In claim one, petitioner claims that the state courts denied him access to the courts by failing to issue any ruling on his petition for post conviction relief. This claim fails to raise an issue appropriate for federal habeas corpus review. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner's allegation that the state courts have improperly failed to issue a decision in post conviction proceedings addresses a collateral matter unrelated to his detention. *See Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986).

Petitioner's assertions... that his post-conviction proceedings were

8

meaningless, is merely a claim that the state post-conviction proceeding was erroneous in the manner it dealt with his case. However, such a claim of error cannot serve as a basis for federal habeas corpus relief. *See, e.g., Kirby*, 794 F.2d at 247-48; *accord Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.1990) (indicating that § 2254 does not authorize federal courts to review the infirmities in a state post-conviction relief proceeding); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988); *Vail v. Procunier*, 747 F.2d 277, 278 (5th Cir.1984) ( "Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief."); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.1984); *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir.1981) ("Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself."); *Cornell v. Maryland*, 396 F.Supp. 1092, 1094 n. 3 (D.Md.1975); *Stokley v. Maryland*, 301 F.Supp. 653, 657 (D.Md.1969).

*Smith v. Anderson*, 104 F.Supp.2d 773, 836 (S.D. Ohio 2000).

### III.  CLAIMS THREE and FOUR

In claims three and  four, petitioner claims that he was denied his right to appeal and the effective assistance of counsel because his attorney failed to file an appeal after petitioner requested that he do so, and because the state appellate court thereafter denied petitioner's motion for delayed appeal.  Respondent contends that this claim is without merit because petitioner never alleged in the state courts that he was unaware of his right to appeal or that his attorney improperly failed to file an appeal after being requested to do so, and because petitioner's "continuous pursuit of a multitude of state post conviction actions" indicates that petitioner, in fact, never instructed his attorney to file an appeal.  *Return of Writ*, at 13.  The Court is not persuaded by respondent's argument.

Petitioner asserted in his October 5, 2005, motion for delayed appeal:

[M]y trial attorney failed to file my appeal after my jury trial so I

9

> filed a habeas corpus and the Magistrate in a[n] entry told me to file
> a delayed appeal.

Exhibit I to Return of Writ.  In his November 3, 2004, petition for post conviction relief, petitioner

aasserted:

> On April 1st 2004, Douglas W. Shaw filed a motion for mistrial.  I
> was sentence[d] to 11 years.  Directly after, I asked my lawyer to file
> for my appeal[;] however, he neglected to do so!  Then 4 months
> later, my motion for mistrial was denied.

*See* Exhibit G to Return of Writ. In his March 1, 2006, motion to appeal consecutive and non-

minimum sentences, petitioner stated:

> The failure to perfect a timely 30 filing is due to the fact that my
> counsel did not file a[n] appeal after my jury verdict upon me
> instructing him to do so, and I did not have the knowledge of doing
> so on my own due to being late.

Exhibit N to Return of Writ.

The fact that petitioner sought post conviction relief and thereafter filed a motion for delayed

appeal is not necessarily indicative that petitioner never requested that his attorney file an appeal.

Further, the failure of an attorney to file a timely appeal after being requested to do so by the

defendant constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that
> a lawyer's failure to appeal a judgment, in disregard of the defendant's
> request, is ineffective assistance of counsel regardless of whether the
> appeal would have been successful or not. *See Castellanos v. United
> States*, 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992
> F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191,
> 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st
> Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991);
> *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We

agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998).

The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States,* 772 F.2d 525, 530 (9th Cir.1985).

*Wolfe v. Randle,* 267 F.Supp.2d 743, 747 (S.D. Ohio 2003).

[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)*; cf. Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).  Thus, petitioner has alleged facts which, if true, may entitle him to relief.

Respondent, citing *Cuppett v. Duckworth,* 8 F.3d 1132, 1139 (7th Cir. 1993), nonetheless contends that petitioner's allegations in claims three and four must be dismissed because petitioner has failed to provide any support for these claims, aside from his unsupported assertions.  *Return*

11

*of Writ*, at 14 n. 2.   Again, the Court is not persuaded by respondent's argument.   *Cuppett v. Duckworth, supra*, involved a habeas corpus petitioner's challenge to the validity of a prior state court conviction used to enhance his sentence, and the presumption of constitutional validity afforded prior state court convictions. *Id.*, at 1136-37.  The United States Court of Appeals for the Seventh Circuit stated:

> [S]elf-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded state convictions. This rule makes sense. If a defendant could throw into doubt the validity of a prior conviction by merely filing a self-serving document alleging that it was unconstitutionally obtained, then the burden would in effect be the government's to establish the validity of all prior waivers of counsel and convictions. This might very well create judicial chaos, if all criminal convictions are considered void, until the government proves that they are not. To avoid this scenario, we... have placed the initial burden on the defendant to demonstrate that his conviction is constitutionally suspect. Cuppett has not only failed to meet this burden; he has not even attempted to meet it.

*Id.*, at 1139-40.  These are not the facts of this case.  Unlike the assertions of unconstitutionality made by the petitioner in *Cuppett v. Duckworth*, in this case the petitioner's assertions are also supported by his previous state court proceedings over the years.   The Court therefore concludes that the record in this action warrants an evidentiary hearing on claims three and four.

The Magistrate Judge therefore **RECOMMENDS** that claim one be **DISMISSED**, and that counsel be appointed to assist petitioner at an evidentiary hearing on petitioner's allegations in claims three and four that he was denied the effective assistance of counsel and his right to appeal because his attorney failed to file a timely appeal after petitioner requested him to do so. It is further **RECOMMENDED** that consideration of the merits of claim two be deferred and that petitioner's January 9, 2006, petition for a writ of mandamus, in which he requests a ruling

12

on the habeas corpus petition, Doc. No. 9, be **DENIED**, as moot.

  If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

  The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 26, 2007             *s/Norah McCann King*
                  Norah McCann King
              United States Magistrate Judge