IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRAIG MORRIS,

    Petitioner,

                                    CASE NO. 2:06-CV-324
    v.                           JUDGE SARGUS
                                    MAGISTRATE JUDGE KING

JEFFREY WOLFE, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

On September 26, 2007, the Magistrate Judge held an evidentiary hearing on habeas corpus claims three and four, in which petitioner asserts that he was denied the right to appeal and the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so.  On November 14, 2007, respondent filed a post hearing memorandum.  Doc. No. 29.  On December 3, 2007, petitioner filed a post hearing memorandum.  Doc. No. 34.  After review of the entire record and consideration of evidence submitted at the evidentiary hearing, for the reasons that follow, the Magistrate Judge **RECOMMENDS** the petition for a writ of habeas corpus conditionally be granted on petitioner's claim of ineffective assistance of counsel for failure to file the appeal.  It is **SPECIFICALLY RECOMMENDED** that the State be **DIRECTED** to release petitioner or reinstate his appeal within sixty (60) days.  The Magistrate Judge further **RECOMMENDS** that claim four be **DISMISSED**, as moot, and that claim two and the remainder of

petitioner's claims of ineffective assistance of counsel[1] be **DISMISSED** without prejudice as unexhausted, as these claims may be raised in petitioner's reinstated appeal in this case.

## PROCEDURAL HISTORY

This matter involves petitioner's April 1, 2004, convictions after a jury trial in the Franklin County Court of Common Pleas on four counts of felonious assault with specifications. *See Exhibit B to Return of Writ*. On May 20, 2004, the trial court sentenced petitioner to an aggregate prison term of eleven years. *Id.* On that same date, a hearing was conducted on petitioner's motion for mistrial, in which he alleged that one of the jurors had offered to return a "not guilty" verdict in exchange for money. *Exhibit C to Return of Writ*. On August 24, 2004, the trial court denied that motion. *Exhibit F to Return of Writ*. A timely notice of appeal was not filed. On October 5, 2005, petitioner filed a motion for delayed appeal. *Exhibit I to Return of Writ*. On December 6, 2005, the state appellate court denied petitioner's motion and, on April 12, 2006, the Ohio Supreme Court dismissed petitioner's subsequent appeal.

Petitioner pursued other forms of state court relief without success. On November 3, 2004, he filed a *pro se* post conviction petition in the state trial court; however, the record does not reflect that the trial court has ever issued a ruling on that petition. In that petition, petitioner alleged in relevant part:

---

[1] Petitioner asserts the ineffective assistance of counsel due to his attorney's failure to raise an issue under *Blakely v. Washington*, 542 U.S. 296 (2004) or "argue further to the fact of an altered jury and verdict." *Petition*, at 6.

> Douglas W. Shaw filed a motion for mistrial. I was sentence[d] to eleven years. Directly after, I asked my lawyer to file for my appeal[;] however, he neglected to do so! Then four months later my motion for mistrial was denied.

On March 1, 2006, petitioner also filed a motion "to appeal consecutive and nonminimum sentences" in the state appellate court, alleging that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), as well as state law. *Exhibit N to Return of Writ*. On May 11, 2006, the appellate court denied that motion as barred by Ohio's doctrine of *res judicata*. *Exhibit P to Return of Writ*. On April 27, 2006, petitioner filed a motion for re-sentencing in the state trial court. That action apparently remains pending as well.

On May 2, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.[2] He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. State has/is depriving my right to access the courts and redress my injury.
>
> A timely post conviction [petition] was filed on November 3, 2004, and pursuant to rule, the response/decision must be within 180 days. However, it [has] been almost 2 years and the courts refuse to respond even after numerous motions for State's and a writ of mandamus to compel a decision, which deprives my constitution rights and provision protection [sic].
>
> 2. State had deprived me my right to an impartial jury and fair trial.

---

[2] Petitioner filed a prior federal habeas corpus petition on September 29, 2005; however, that action was dismissed without prejudice as unexhausted on November 14, 2005. *See Morris v. Warden*, Case No. 2:05-cv-903 (S.D. Ohio, Eastern Division November 14, 2005); *Exhibits to Petition*.

3

> Prosecution and trial court failed and ignored to submit the evidence that one of the jurors offered a bribe for a hung jury, and after the evidence was obtained to prove such, trial court ignored a motion for mistrial which enclosed the evidence to prove such, which then rendered altered verdict [sic].
>
> 3. Denial of effective counsel.
>
> [Trial counsel failed] to argue maximum sentence and appeal the denial of the motion for mistrial and argue further to the fact of an altered jury verdict.
>
> 4. Denial of right to appeal.
>
> I was deprived my right of appeal after the jury verdict. My counsel failed to file an appeal which deprived me of rights secured [sic].

On March 1, 2007, the Court dismissed claim one, deferred consideration of claim two, and appointed counsel to represent petitioner at an evidentiary hearing on the allegations contained in claims three and four. Doc. Nos. 12, 14. An evidentiary hearing was held on September 26, 2007. The parties filed supplemental memoranda and the record is now ripe for resolution of these claims.

## CLAIMS THREE AND FOUR

In claim three, petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to file an appeal after petitioner requested that he do so. Petitioner also asserts that his attorney improperly failed to object to his sentence or to pursue a claim of jury misconduct. In the related claim four, petitioner alleges that he was denied his right to appeal when the state court of appeals denied his motion for delayed appeal.

4

As discussed in this Court's prior *Report and Recommendation*, the failure of an attorney to file a timely appeal after being requested to do so by a defendant constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. *Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Additionally,

5

> [t]he Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970))....
>
> In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White,* 180 F.3d at 652 (5th Cir.1999), *Norris v. Wainwright,* 588 F.2d 130, 135 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979) The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan,* 507 F.2d 273, 275 (6th Cir.1974), *cert. denied,* 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975). Further, a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *Peguero,* 526 U.S. at 29-30, 119 S.Ct. 961(citing *Soto v. U.S.,* 185 F.3d 48, 54 (2d Cir.1999)).

*Wolfe v. Randle,* 267 F.Supp.2d 743, 747-748 (S.D. Ohio 2003).

Petitioner was represented before the trial court by Douglas Shaw, Esq. After a jury found petitioner guilty of four counts of felonious assault, the trial court revoked petitioner's bond pending sentencing. *Transcript, Evidentiary Hearing*, at 4-5. At the sentencing, all parties agree, the trial court judge failed to advise petitioner of his right to appeal, in contravention of Ohio R. Crim. P. 32. *See Petitioner's Exhibit A.* Although his testimony was inconsistent in many of its details, petitioner expressly testified that he asked Shaw to file an appeal on petitioner's behalf:

> I just asked [Shaw] to make sure he filed my appeal, and from

6

> my understanding it was yes because he filed a motion for a mistrial during my sentencing.

*Transcript, Evidentiary Hearing*, at 6. Petitioner did not ask the court to appoint new counsel on appeal because he did not know that he had the right to court-appointed appellate counsel. *Id.*, at 18. Petitioner learned that no appeal had been filed in October 2004, following which he filed a post conviction petition. *Id.*, at 10. At no time did petitioner intend to waive his right to appeal.

Shaw does not ordinarily handle criminal appeals and typically communicates this to clients. *Id.*, at 36. It is a part of his standard practice to inform clients that his representation does not extend to an appeal. *Id.*, at 37. Although Shaw had no specific recollection of many of the specifics of his representation of petitioner, he was nevertheless confident that he did in fact advise petitioner of his appellate rights:

> The conversation that I am certain that I had with him was during the period after the jury had been sent back to deliberate and prior to them reaching a verdict, something I do in every case where there's a jury deliberating, among other things, I explained that it was likely that if there was a jury – a bad verdict, a conviction on any of the felony accounts [sic] with the gun specification it was likely his bond would be revoked....
>
> I explained to him that in that event, with him being locked up, it's likely that he would be determined to be indigent by the court.... [H]e would be eligible for appointed counsel, and that appointed counsel would not be me.
>
> I remember explaining to him that that new lawyer could then point out mistakes that I made either at trial, on the record

> kind of mistakes that would be transcribed by a court reporter, or matters off the record that didn't necessarily have to happen in the trial or in the courtroom, but might be procedural or technical decisions.

*Id.*, at 26. Shaw testified petitioner did not ask him to file an appeal. Shaw would have done so had petitioner asked, as he has for other clients. *Id.*, at 42. Nevertheless, Shaw knew that petitioner intended to pursue an appeal. *Id.*, at 30. Shaw described petitioner's reaction to the jury's guilty verdict as "shocked" and "devastated." *Id.*, at 30. When asked why petitioner might have assumed that he was going to file the notice of appeal or act as appellate counsel, Shaw stated:

> He may have been confused. I liked Craig. He knew that I believed in his case and his innocence. He may have assumed that I would do this other work....

*Id.*, at 27. Indeed, Shaw vaguely recalled stopping by the office of the trial judge to see who had been appointed as appellate counsel. *Id.*, at 31.

> And then I heard nothing more from Craig or his family and assumed that they had either made other arrangements and hired other counsel or that counsel had been appointed for him.

*Id.* However, Shaw never affirmatively inquired whether an appeal had been filed on petitioner's behalf. *Id.,* at 32.

As a preliminary matter, respondent contends that petitioner has not properly raised in this habeas corpus petition a claim that he was denied his right to appeal by reason of

8

the trial court's failure to advise him of his appellate rights, in contravention of Ohio law. *See Respondent's Post Hearing Memorandum*, at 8. Alternatively, respondent contends that any such claim has been procedurally defaulted because petitioner did not raise in the state courts an issue regarding the trial court's failure to advise him of his appellate rights. *See id.*

Respondent argues that, to the extent that petitioner raises an issue regarding a violation of Ohio R. Crim. Pro. 32, such claim fails to present a claim appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

In any event, however, petitioner does not appear to have separately raised this claim in these proceedings. The crux of petitioner's argument in claims three and four is

9

that petitioner was denied the effective assistance of counsel and the right to appeal.  As detailed in this Court's prior *Report and Recommendation*, petitioner alleged in the state courts that his attorney improperly failed to file the appeal after being requested to do so, and that petitioner "did not have the knowledge of doing so on [his]own due to being late." *See Exhibit N to Return of Writ; see also Exhibits I and G to Return of Writ.*  The fact that the trial court failed to advise petitioner of his right to appeal lends evidentiary support to petitioner's allegation in this regard.

After review of the entire record, this Court credits Shaw's testimony that he advised petitioner, while the jury was deliberating its verdict, of his right to appeal and of his appellate rights.  Petitioner therefore was aware of his right to appeal even though the trial court failed to separately advise petitioner of that right.  However, the Court also finds that petitioner believed that Shaw would file a notice of appeal on petitioner's behalf.  To the extent that there was confusion on this point, as between petitioner and Shaw, it was because Shaw failed to clarify petitioner's expectations of him.

In *Roe v. Flores-Ortega, supra*, 528 U.S. at 476, the United States Supreme Court considered whether an attorney may be deemed constitutionally ineffective for failing to file a notice of appeal where the defendant fails to clearly convey his wishes one way or the other.  *Id.*  The Supreme Court stated:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a

10

> separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, *and making a reasonable effort to discover the defendant's wishes*. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.... If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Id.*, at 478 (emphasis added)(citation omitted).  An attorney's performance would not be constitutionally unreasonable in failing to affirmatively consult with his client regarding an appeal, for example, where the defendant pleads guilty, is sentenced as anticipated, advised by the trial court of his right to appeal, expresses no interest in appealing, and there exist no nonfrivolous grounds for appeal.  *Id.*, at 479.  Similarly, an attorney's performance would not be constitutionally unreasonable in failing to affirmatively consult with his client regarding an appeal, for example, where the

> sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.

*Id.*, at 479-480.  However, neither of the foregoing scenarios are present here.

Under circumstances such as those presented in this case,

11

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.... Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.
>
> \*\*\*
>
> We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal.

*Id.*, at 480-481.

Although the record does not indicate whether or not Shaw believed that petitioner had potentially meritorious grounds for appeal, since the case followed a jury trial and subsequent denial of a motion for new trial, and in view of counsel's statement that he believed in petitioner's innocence, it is unlikely that there would have been no non-

frivolous grounds to appeal. Further, while Shaw advised petitioner of his rights to appeal and to court-appointed counsel, and of the time limits for filing an appeal,[3] he did so during jury deliberations, and almost two months prior to sentencing.[4] Moreover, the fact that the trial court failed to advise petitioner of his appellate rights or to inquire whether petitioner desired that counsel be appointed for purposes of an appeal, both increased the likelihood of confusion on petitioner's part and Shaw's obligation to clarify the situation.

Under these circumstances, and in view of defense counsel's understanding that petitioner intended to pursue an appeal, this Court concludes that counsel had a duty to further consult with petitioner regarding the appeal so as to ensure that petitioner's appellate rights were preserved. Counsel's failure to do so amounted to constitutionally deficient performance. *See Roe v. Flores-Ortega, supra*.

Still, petitioner must establish prejudice by reason of counsel's failure to further consult with his client. In order to establish prejudice, "a defendant must demonstrate that

---

[3] Under Ohio's Appellate Rule 5(B)(3), the trial court's decision on petitioner's motion for a new trial served to extend the time by which a notice of appeal must be filed:

> Criminal post-judgment motion. In a criminal case, if a party timely files a motion for arrest of judgment or a new trial for a reason other than newly discovered evidence, the time for filing a notice of appeal begins to run when the order denying the motion is entered.

However, there is no evidence that Shaw advised petitioner of this fact.

[4] Petitioner was found guilty on April 1, 2004. He was sentenced on May 20, 2004.

13

there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.*, at 484.

Respondent argues that, even assuming that defense counsel performed in a constitutionally ineffective manner, petitioner has failed to establish prejudice because he took no action to pursue his appeal until October 5, 2005, when he filed his own motion for delayed appeal. This Court is not persuaded by respondent's argument. Petitioner filed a petition for post conviction relief on November 3, 2004, shortly after he learned, in October 2004, that no appeal had been filed. *Transcript, Evidentiary Hearing*, at 10. In support of his post conviction petition, petitioner alleged the ineffective assistance of counsel due to his attorney's failure to file a timely appeal. *See Exhibit G to Return of Writ*. Petitioner testified at the evidentiary hearing that he filed his post conviction petition "because [there] was no appeal on record." *Transcript, Evidentiary Hearing*, at 10.

> [B]y the time I noticed there wasn't nothing filed, I filed a post conviction, and I'm thinking that's what I was supposed to be doing. So I'm waiting on the answer for that. I didn't have any money or anything, so I couldn't afford no other attorney. I was in prison. So I didn't get no answer from my post conviction, so I filed a couple other motions to try to see if I can get some relief.

*Id.*, at 11-12.

> [F]rom my understanding and thinking Doug filed my appeal. And when I found out it was never filed, I was – I got sentenced to 11 years. I didn't want to sit and do 11 years, so I tried to file my post conviction to help myself out.

*Id.*, at 12. The trial court has never issued a decision on petitioner's post conviction

petition, despite petitioner's *pro se* petition for a writ of mandamus.[5] On October 5, 2005, petitioner filed his motion for delayed appeal. *Exhibit I to Return of Writ*.

Thus, petitioner's delay in filing his motion for delayed appeal does not appear to reflect a lack of diligence on petitioner's part or insincerity in his interest in pursuing an appeal, as respondent suggests. *Post Hearing Memorandum*, at 7. Any delay appears instead to have been the result of his *pro se* status as an incarcerated prisoner and lack of knowledge as to proper legal procedures. *See, e.g., DiCenzi v. Rose,* 452 F.3d 465, 469-70 (6th Cir. 2006)(rejecting argument that prisoner did not exercise diligence for statute of limitations purposes in learning about right to appeal because he failed to call the public defender), citing *Granger v. Hurt,* 90 Fed.Appx. 97, 99-101 (6th Cir. Jan. 23, 2004) (unpublished); *Wims v. United States,* 225 F.3d 186, 190 n. 4 (2d Cir. 2000); *Moore v. Knight,* 368 F.3d 936, 940 (7th Cir. 2004); *Aron v. United States,* 291 F.3d 708, 712 (11th Cir. 2002).

In sum, this Court concludes that petitioner has established that, but for counsel's failure to properly consult with him about filing an appeal, there is a reasonable probability that petitioner would have timely appealed his conviction and sentence. *See Roe v. Flores-Ortega, supra*, 528 U.S. at 484.

Under these circumstances, it is **RECOMMENDED** that the petition for a writ of habeas corpus be conditionally granted on petitioner's claim of ineffective assistance of

---

[5]That petition was dismissed for failure to comply with state law. *See Morris v. Franklin County Court of Common Pleas*, 2005 WL 3160845 (Ohio App. 10 Dist. November 29, 2005).

counsel for failure to file the appeal. It is **FURTHER RECOMMENDED** that the State be **DIRECTED** to release petitioner or reinstate his appeal within sixty (60) days. The Magistrate Judge further **RECOMMENDS** that claim four be **DISMISSED**, as moot, and that claim two and the remainder of petitioner's claims of ineffective assistance of counsel[6] be **DISMISSED** without prejudice since these claims might be raised in petitioner's reinstated appeal.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[6] Petitioner asserts the ineffective assistance of counsel due to his attorney's failure to raise an issue under *Blakely v. Washington*, 542 U.S. 296 (2004) or "argue further to the fact of an altered jury and verdict." *Petition*, at 6.

January 4, 2008                                  *s/Norah McCann King*
                                                 Norah McCann King
                                                 United States Magistrate Judge