IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRAIG MORRIS,

    Petitioner,

v.

JEFFREY WOLFE, Warden,

    Respondent.

CASE NO. 2:06-cv-324
JUDGE SARGUS
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On January 4, 2008, after conducting an evidentiary hearing, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be conditionally granted on petitioner's claim that he was denied the effective assistance of counsel due to his attorney's failure to file an appeal, and that the State be directed to release petitioner or reinstate his appeal within sixty (60) days. The Magistrate Judge further recommended that claim four be dismissed as moot and that claim two and the remainder of petitioner's claims of ineffective assistance of counsel be dismissed without prejudice as unexhausted. Respondent has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is conditionally **GRANTED** on petitioner's claim that he was denied the effective assistance of counsel due to his attorney's failure to file an appeal. The State shall release petitioner or reinstate his appeal

1

within sixty (60) days. Claim four is **DISMISSED,** as moot. Claim two and the remainder of petitioner's claims of ineffective assistance of counsel are **DISMISSED** without prejudice as unexhausted.

Respondent objects to the Magistrate Judge's recommendation that the petition for a writ of habeas corpus be conditionally granted. Respondent contends that petitioner did not properly raise, either in these proceedings or in the state courts, a claim for relief under *Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000). In support of this argument, respondent refers to *Granger v. Hurt,* 215 Fed.Appx. 485, unpublished, 2007 WL 419637 (6th Cir. February 8, 2007). Respondent specifically objects to one particular factual finding of the Magistrate Judge:

> [P]etitioner believed that Shaw would file a notice of appeal on petitioner's behalf. To the extent that there was confusion on this point, as between petitioner and Shaw, it was because Shaw failed to clarify petitioner's expectations of him.

*See Objections*, at 4; *Report and Recommendation*, at 10. Respondent argues that any belief on the part of petitioner Morris that his attorney would preserve his right to appeal was unreasonable. *Objections*, at 4. Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*. For the reasons that follow, this Court is not persuaded by respondent's arguments.

As recounted in the Magistrate Judge's *Report and Recommendation*, Attorney Shaw advised petitioner of his right to appeal during jury deliberations. The trial court never advised petitioner that he had the right to appeal, that he must file a notice of appeal within thirty days, or that an attorney could be appointed on his behalf for the appeal.

2

Notably, the trial court did not sentence petitioner until approximately two months after the jury's verdict and after conducting a hearing on petitioner's motion for a new trial. Further, the trial court did not issue a ruling on petitioner's motion for a new trial until August 24, 2004, approximately three months later. Under Ohio's Appellate Rule 5(B)(3), the trial court's decision on petitioner's motion for a new trial would have extended the time by which he must file the notice of appeal. The rule provides in relevant part:

> Criminal post-judgment motion. In a criminal case, if a party timely files a motion for arrest of judgment or a new trial for a reason other than newly discovered evidence, the time for filing a notice of appeal begins to run when the order denying the motion is entered.

*Id.* Still, defense counsel did not inquire, at sentencing or at any time thereafter, whether petitioner desired a notice of appeal to be filed or counsel to be appointed for the appeal, despite acknowledging that he knew that petitioner wanted to appeal his conviction and sentence. *Transcript*, at 30. Attorney Shaw thought that petitioner "may have been confused" in assuming that Shaw would file the notice of appeal. *Id.*, at 27. Petitioner testified that he instructed Shaw to file the appeal. *Id.*, at 6. Shaw, however, denied that petitioner ever made such a request. *Id.*, at 42. Petitioner thought that the appellate process was part of the trial. *Id.*, at 6-7. He was "in shock" at sentencing, and had not "been in... trouble" before. *Id.*, at 18.

Without resolving the factual dispute as to whether petitioner actually requested Shaw to file the appeal, this Court agrees that the evidence establishes that petitioner reasonably believed that his attorney would preserve his appellate rights, and that any

3

confusion on this point was due to Shaw's failure to clarify the issue. Shaw knew that petitioner wanted to appeal, but he assumed, without verifying, that the trial court had appointed counsel or that petitioner's family had retained an appellate attorney. *Id.*, at 32.

*Roe v. Flores-Ortega, supra,* mandates relief in this case. Like petitioner in this case, the defendant in *Roe* alleged in both the state courts and federal habeas corpus proceedings that he had been denied the constitutionally effective assistance of counsel because his attorney had failed to file an appeal after promising to do so. *Id.*, 528 U.S. at 474. As did the Ohio courts in this case, the state courts in *Roe* denied the defendant's untimely appeal, which was filed after learning that his attorney had not filed the appeal *Id.* In habeas corpus proceedings, after an evidentiary hearing, the Magistrate Judge in *Roe* concluded in relevant part:

> The evidence in this case is, I think, quite clear that there was no consent to a failure to file [a notice of appeal].
>
> . . . . .
>
> It's clear to me that Mr. Ortega had little or no understanding of what the process was, what the appeal process was, or what appeal meant at that stage of the game.
>
> I think there was a conversation [between Ortega and Kops] in the jail. Mr. Ortega testified, and I'm sure he's testifying as to the best of his belief, that there was a conversation after the pronouncement of judgment at the sentencing hearing where it's his understanding that Ms. Kops was going to file a notice of appeal.
>
> She has no specific recollection of that. However, she is obviously an extremely experienced defense counsel. She's obviously a very meticulous person. And I think had Mr. Ortega requested that she file a notice of appeal, she would

4

have done so.

*Id.*, at 474-75. The District Court in *Roe* denied habeas corpus relief, a judgment that was reversed by the United States Court of Appeals for the Ninth District. *Id.*, at 475-76. The Supreme Court affirmed that decision and remanded the case, holding:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. See *supra,* at 1034 and this page. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: under what circumstances does counsel have an obligation to consult with the defendant about an appeal?
>
> \*\*\*
>
> We ... hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. See *id.*,

5

> at 690, 104 S.Ct. 2052 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.*, at 478-80.

The facts presented in *Roe* are similar to those presented in this case. The evidence in this case establishes that petitioner did not consent to a waiver of his right to appeal. The evidence likewise reflects that petitioner had an inadequate understanding of the appellate process and how to preserve his appellate rights. Like the defendant in *Roe*, petitioner in this case alleges that he asked his attorney to file an appeal and that his attorney failed to do so. Petitioner's failure to explicitly allege defense counsel's improper failure to consult does not preclude relief.

This Court recognizes that *Granger v. Hurt, supra,* referred to by respondent, appears to contradict this holding. In *Granger v. Hurt, supra,* the defendant alleged in his motion for delayed appeal that he had requested his attorney to file the appeal (not that his attorney had failed to consult with him regarding the appeal.) The United States Court of

Appeals for Sixth Circuit concluded that a claim of failure to consult was unexhausted for purposes of habeas corpus review because petitioner could pursue a second motion for delayed appeal. In the interests of comity and federalism, however, the Court went on to dismiss the ineffective assistance of counsel claim on the merits. *See id.*

*Granger,* an unpublished decision, is not binding authority on this point.

> [T]he Sixth Circuit has stated in several published decisions that its unpublished decisions have little or no precedential value. *See Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 208 (6th Cir.1995); *United States v. Williams,* 15 F.3d 1356, 1363 n. 6 (6th Cir.), *cert. denied,* 513 U.S. 966, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994); *Silverburg v. Evitts,* 993 F.2d 124, 127 (6th Cir.1993); *Taxpayers United for Assessment Cuts v. Austin,* 994 F.2d 291, 295 n. 3 (6th Cir.1993); *Brown v. Crowe,* 963 F.2d 895, 897 n. 2 (6th Cir.1992); *Hall v. Shipley,* 932 F.2d 1147, 1152 (6th Cir.1991); *Ewing v. McMackin,* 799 F.2d 1143, 1151 n. 14 (6th Cir.1986); *Kolesar v. Youghiogheny & Ohio Coal Co.,* 760 F.2d 728, 731 n. 1 (6th Cir.1985); and *Ramey v. Kentland Elkhorn Coal Corp.,* 755 F.2d 485, 488 n. 6 (6th Cir.1985).
>
> \*\*\*
>
> Several lower court decisions have addressed the issue of the precedential weight of unpublished Sixth Circuit decisions. *See City of Detroit v. City of Highland Park,* 878 F.Supp. 87, 90 n. 3 (E.D.Mich.1995); *In re Prager,* 181 B.R. 917, 921 (Bankr.W.D.Tenn.1995); *Muhammad v. City of New York Dept. of Corrections,* 904 F.Supp. 161, 190 n. 38 (S.D.N.Y.1995); *Spells v. Cuyahoga Community College,* 889 F.Supp. 1023, 1027 n. 2 (N.D.Ohio 1994); *Chance v. Compton,* 873 F.Supp. 82, 86 n. 1 (W.D.Tenn.1994); *Harrington v. Grayson,* 764 F.Supp. 464, 468 n. 6 (E.D.Mich.1991); and *Curtis v. Universal Match Corp., Inc.,* 778 F.Supp. 1421, 1428 n. 1 (E.D.Tenn.1991). In each of these cases, the lower courts noted that unpublished Sixth Circuit decisions are not binding precedent[.]

7

*In re Braddy*, 195 F.R. 365, 370-71 (Bkrtcy, E.D. Michigan 1996).

Further, exhaustion does not require "a meaningless foray through local tribunals." *Landrum v. Com. of Kentucky*, 380 F.Supp. 1338, 1339 (E.D. Ky. 1974), citing 28 U.S.C. § 2254(b); *Wilwording v. Swenson*, 404 U.S. 249 (1971); *Matthews v. Wingo*, 474 F.2d 1266 (6th Cir. 1973). The United States Court of Appeals for the Sixth Circuit

> consistently has held that where resort to a State court would be a mere exercise in futility, the exhaustion requirement will not be applied.

*Matthews v. Wingo, supra,* 474 F.2d at 1268, citing *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970); *Lucas v. Michigan*, 420 F.2d 259 (6th Cir. 1970); *Coley v. Alvis*, 381 F.2d 870 (6th Cir. 1967). This Court concludes that, to require petitioner to pursue a second motion for delayed appeal, (which would almost certainly be denied by the state appellate court), so that he might then allege that his attorney improperly failed to consult with him regarding his appeal, would be futile in this case. Petitioner alleged, as cause for his untimely appeal:

> My trial attorney failed to file my appeal after my jury trial so I filed a habeas corpus and the [state court] Magistrate in a[n] entry told me to file a delayed appeal so to [sic] exhaust my remed[ies].

*Exhibit I to Return of Writ.* The state courts were therefore afforded an opportunity to address petitioner's ineffective assistance of counsel claim and there is no reason to require petitioner to present his claim to the state courts a second time.

Upon careful consideration of the entire record, and for all the reasons detailed in

8

the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that counsel had a duty to further consult with petitioner regarding the appeal so as to ensure that petitioner's appellate rights were preserved; his failure to do so amounted to constitutionally ineffective assistance of counsel.

For all the foregoing reasons, respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is conditionally **GRANTED** on petitioner's claim that he was denied the effective assistance of counsel due to his attorney's failure to file an appeal. The State shall release petitioner or reinstate his appeal within sixty (60) days. Claim four is **DISMISSED**, as moot. Claim two and the remainder of petitioner's claims of ineffective assistance of counsel are **DISMISSED** without prejudice as unexhausted.

**IT IS SO ORDERED.**

_____
Date

3-24-2008

EDMUND A. SARGUS, JR.
United States District Judge

9